**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



SHANE BADDING,

      Plaintiff-Appellant,

v.

DAVID CLOUSE, individually and in his
official capacity as Sheriff of Navajo
County, Arizona; et al.,

      Defendants-Appellees,

 and

COUNTY OF NAVAJO; NAVAJO
COUNTY BOARD OF SUPERVISORS,

      Defendants.

No. 21-16821

D.C. No.
3:20-cv-08315-DWL-ESW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted July 17, 2023[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Shane Badding appeals from the district court's dismissal with prejudice of his action alleging violations of federal and state law against Navajo County Sheriff David Clouse and Navajo County Sheriff Deputy Newman (collectively, "Defendants").[1] We have jurisdiction under 28 U.S.C. § 1291. "We review de novo an order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). "We review the denial of leave to amend for an abuse of discretion, but we review the futility of amendment de novo." *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021). We also review de novo questions of federal and state law. *Asante v. Cal. Dep't of Health Care Servs.*, 886 F.3d 795, 799 (9th Cir. 2018). We affirm. Because the

---

[1] Badding also sought to name Navajo County Sheriff Deputy Pendergast as a defendant, but the district court properly found that Deputy Pendergast had not been timely served. *See* Fed. R. Civ. P. 4(m). Moreover, because "[a] [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related," *Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981), the district court did not err in dismissing the action as against Deputy Pendergast.

parties are familiar with the factual and procedural history of the case, we need not recount it here.

I

The district court did not err in dismissing Badding's federal claims under 42 U.S.C. § 1983 against Defendants. First, Badding has not plausibly alleged any violations of the First, Ninth, or Fourteenth Amendments against Deputy Newman because Badding's amended complaint fails to allege any facts beyond "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 6778 (2009). Badding's Fifth Amendment claim is foreclosed by *Vega v. Tekoh*, 142 S. Ct. 2095, 2106–08 (2022). Badding has also failed to plausibly allege a violation of the Fourth Amendment because his amended complaint does not allege that the arrest lacked probable cause or exigent circumstances, nor does it identify any clearly established law holding that Defendants' alleged actions constituted excessive force. *See LaLonde v. County of Riverside*, 204 F.3d 947, 954 (9th Cir. 2000). Accordingly, Deputy Newman is entitled to qualified immunity. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000).

Second, Badding's § 1983 claim against Sheriff Clouse fails because Badding has alleged no facts from which it can be plausibly inferred that Sheriff Clouse was involved in or "ratifi[ed]" any actions of the deputies. *Christie v. Iopa*,

176 F.3d 1231, 1239 (9th Cir. 1999). Nor does *respondeat superior* provide a basis for liability under § 1983. *Iqbal*, 556 U.S. at 676. Sheriff Clouse is therefore also entitled to qualified immunity. *See LSO*, 205 F.3d at 1157.

Third, Badding's § 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against Navajo County fails to plausibly allege "a deliberate policy, custom, or practice" that caused the alleged constitutional violations. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citation omitted); *see Iqbal*, 556 U.S. at 677–78.

## II

The district court did not err in dismissing Badding's state-law assault claim because Badding failed to plausibly allege that his detention was unsupported by probable cause. *See Iqbal*, 556 U.S. at 677–78; Ariz. Rev. Stat. Ann. § 13-409 (2023).

## III

The district court correctly held that Badding's state-law negligence claim is foreclosed by *Ryan v. Napier*, 425 P.3d 230 (Ariz. 2018), because the "negligent use of intentionally inflicted force is [not] a cognizable claim" under Arizona law. *Id.* at 236.

## IV

The district court did not abuse its discretion by dismissing the second amended complaint with prejudice, because Badding "failed to add the requisite particularity to [his] claims." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (citation omitted); *see id.* (holding that "the district court's discretion to deny leave to amend is particularly broad" where the district court has previously granted the plaintiff leave to amend the complaint).

**AFFIRMED.**